UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THUNGYET NGUYEN,<br><br>    Petitioner,<br><br>v.<br><br>LUIS SOTO, *et al.*,<br><br>    Respondents. | Civil Action No. 26-1557 (ZNQ)<br><br><br>**ORDER** |

This matter comes before the Court on Petitioner's petition for a writ of habeas corpus (ECF No. 1), motion seeking an order to show cause (ECF No. 2), and motion to have her counsel admitted *pro hac vice* in this matter. (ECF No. 3.) As Petitioner has paid the applicable filing fee, the Court having considered her petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), and determined that dismissal prior to submission of an answer is not warranted, the Government shall be directed to file an answer to the petition. Petitioner's motion seeking an order to show cause shall be denied without prejudice in light of this Court ordering an answer in this matter. Finally, the Court having reviewed Petitioner's motion seeking the admission of her attorney *pro hac vice*, and good cause having been shown, that motion (ECF No. 3) shall be granted.

**IT IS THEREFORE** on this 18th day of February 2026,

**ORDERED** that Respondents Perez, Noem, Bondi, Lyons, and Wilson are dismissed without prejudice from this matter as the proper respondent in a petition brought under 28 U.S.C. § 2241 is the warden of the facility where the detainee is currently being held, in this case the

remaining Respondent Luis Soto, *see Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004); *Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994);

**ORDERED** that the Clerk of the Court shall serve copies of the petition (ECF No. 1), and this Order, upon Respondent Soto by regular mail, with all costs of service advanced by the United States; it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the petition, and this Order, to Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; it is further

**ORDERED** that, within 21 days after the date of entry of this Order, Respondent shall electronically file a full and complete answer to the petition, which responds to the factual and legal allegations of the Petition paragraph by paragraph; it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243; it is further

**ORDERED** that Respondent shall raise by way of the answer any appropriate defenses which Respondent wishes to have the Court consider, including, but not limited to, exhaustion of administrative remedies, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority; it is further

**ORDERED** that Respondent shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within 14 days after the answer is filed; it is further

**ORDERED** that, within 7 days after any change in Petitioner's custody or immigration status, be it a final order of removal or otherwise, Respondent shall electronically file a written notice of the same with the Clerk of the Court; it is further

**ORDERED** that Petitioner's motion seeking an order to show cause (ECF No. 2) is **DENIED WITHOUT PREJUDICE** in light of this Court directing Respondent to file an answer to the petition; it is further

**ORDERED** that Petitioner's motion seeking the *pro hac vice* admission of Edgar L. Fankbonner (ECF No. 3) is **GRANTED**; it is further

**ORDERED** that Edgar L. Fankbonner is permitted to appear *pro hac vice* in the above captioned matter pursuant to Local Civil Rule 101.1(c); it is further

**ORDERED** that all pleadings, briefs, and other papers filed with the Court shall be signed by Steven Ashur, who shall be responsible for the conduct of the case and who will be held responsible for the conduct of the attorneys admitted hereby; it is further

**ORDERED** that Edgar L. Fankbonner shall pay the annual fee to the New Jersey Lawyer's Fund for Client Protection in accordance with New Jersey Court Rule 1:28-2(a) within 20 days from the date of this Order; it is further

**ORDERED** that Edgar L. Fankbonner shall pay a fee of $250 to the Clerk of the Court in accordance with Local Civil Rule 101.1(c) within 20 days of the date of this Order; it is further

**ORDERED** that Edgar L. Fankbonner shall be bound by the Rules of the United States District Court for the District of New Jersey, including but not limited to, the provisions of Local Civil Rule 103.1, <u>Judicial Ethics and Professional Responsibility</u>, and Local Civil Rule 104.1, <u>Discipline of Attorneys</u>; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner electronically.

                                            s/ Zahid N. Quraishi
                                      **ZAHID N. QURAISHI**
                                      **UNITED STATES DISTRICT JUDGE**