**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THUNGYET NGUYEN, | Civil Action No. 26-1557 (ZNQ) |
| Petitioner, | |
| v. | **OPINION** |
| LUIS SOTO, *et al.*, | |
| Respondents. | |

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner's petition for a writ of habeas corpus. (ECF No. 1.)  Following an order to answer, the Government filed a response to the petition (ECF No. 6), to which Petitioner replied.  (ECF No. 7.)  The Government also filed a letter update following an order from this Court.  (ECF No. 9.)  For the following reasons, the petition shall be denied.

## I.   BACKGROUND

Petitioner is a native and citizen of Vietnam who was admitted to the United States as a refugee in 1982.  (ECF No. 6-1 at 3.)  In 2008, Petitioner was convicted of identity theft charges in Pennsylvania, and served a four-year sentence.  (*Id.*)  Based on her conviction, immigration authorities commenced removal proceedings against Petitioner in 2018.  (*Id.*)  Petitioner was ordered removed by an immigration judge in late 2018 (ECF No. 6-2), and the Board of Immigration Appeals dismissed her appeal of that order in the spring of 2019, resulting in Petitioner receiving an administratively final order of removal.  (ECF No. 6-3.)  The Government

1

attempted to obtain a travel document to remove Petitioner, but concluded that a travel document would not likely be provided, and therefore released Petitioner from custody in July 2019.  (ECF No. 6-4 at 3.)

In July 2025, Petitioner was directed by an immigration official to provide plans for her departure from the United States.  (*Id.* at 3.)  A month later, on August 29, 2025, Petitioner's release was revoked, and Petitioner was taken back into immigration custody as the Government intended to try once again to remove Petitioner to Vietnam.  (*Id.* at 4.)  Petitioner has remained in custody since that time, with the Government facilitating communications between Petitioner and Vietnam's consulate in an attempt to secure a travel document for her removal.  (*Id.*)  Those efforts ultimately proved successful, and the Government is now in possession of a new Vietnamese passport for Petitioner which was issued on March 27, 2026.  (ECF No. 9-1.)  The Government now intends to remove Petitioner pursuant to her final order of removal using that passport.  (*See* ECF Nos. 6, 9.)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

III.    **DISCUSSION**

In her current habeas petition, Petitioner argues that her current period of immigration detention is unlawful as she has now been held for a number of months and has yet to be removed. Because Petitioner is subject to a final order of removal, the lawfulness of her detention is controlled by 8 U.S.C. § 1231(a) and the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 689 (2001). See *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 579 (2022). Under the statute, the Government is required to detain aliens subject to a final order of removal during a 90-day removal period, and may detain aliens thereafter for a period of time "reasonably necessary to bring about that alien's removal from the United States. *Johnson*, 596 U.S. at 579; *see also Zadvydas*, 533 U.S. at 689. Detention under the statute is presumptively reasonable, and therefore comports with due process, for a period of up to six months, including the 90-day removal period, after which an alien may challenge her detention by showing that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Where an alien meets this initial burden, the Government can establish its continued authority to detain only if the Government can rebut the provided evidence and show that the alien's removal remains likely in the reasonably foreseeable future. *Alexander v. Att'y Gen.*, 495 F. App'x 274, 276 (3d Cir. 2012); *see also Zadvydas*, 533 U.S. at 701.

In this matter, Petitioner received a final order of removal in 2019, and her removal period expired with her release from detention in the summer of that year. Petitioner was thereafter returned to custody in August 2025, and has remained detained since that time. Aggregating these two periods of detention, Petitioner is now well beyond the presumptively reasonable period during which the Government may detain her under § 1231(a) without further review from this Court. As such, Petitioner's continued detention is only justified if her detention is reasonably

3

necessary to bring about her removal as it appears that she is likely to be removed in the reasonably foreseeable future. Although Petitioner did meet her initial burden to show that it appeared that she was unlikely to be removed at the time she filed her initial petition (in light of several months of detention without much progress), the Government has now provided a new travel document issued by the Government of Vietnam, indicating that there are no clear obstacles remaining to her removal to Vietnam. The travel document the Government has provided thus clearly rebuts Petitioner's initial showing and clearly demonstrates that her removal is likely in the reasonably foreseeable future, and Petitioner's *Zadvydas* challenge to her detention must therefore fail. *Alexander*, 495 F. App'x at 276; *see also Zadvydas*, 533 U.S. at 701.

In her habeas petition, Petitioner also challenged the decision to take her into custody on the grounds that the decision was faulty under the Administrative Procedure Act and general due process concerns as there was no evidence at the time of her initial re-detention in August 2025 that her situation had changed and her removal was significantly likely to result in her removal. Even were the Court to assume, *arguendo*, that the Government did not at that time have a sufficient basis to support returning Petitioner to custody, the circumstances have changed significantly now that Petitioner has received a travel document sufficient to permit her removal from the United States under her final removal order. In light of Petitioner's newly issued Vietnamese passport, the Government clearly has the ability and authority to remove her, and her current detention is neither arbitrary, capricious, or unlawful as it is reasonably necessary to carry out her long standing final removal order. *Johnson*, 596 U.S. at 579. Petitioner's APA claims therefore fail to provide a basis for habeas relief.

Finally, Petitioner also argues that more general due process concerns require her release as she was not given notice and an opportunity to respond to the decision to take her back into

4

custody.  In determining what process is due in relation to deprivations of a person's liberty interests, such as placement in immigration detention, courts generally weigh the three factors identified in *Matthews v. Eldridge*, 424 U.S. 319, 335 (1976).  *See Gayle v. Warden Monmouth Cnty. Corr. Institution*, 12 F.4th 321, 331 (3d Cir. 2021).  In so doing, the court must balance the petitioner's private interest; the risk of an erroneous deprivation and the probable value, if any, of additional procedure safeguards; and the Government's interest, including the cost and difficulty of added procedural burdens.  *Id.*

Clearly, individuals in the United States have a liberty interest in avoiding legally unwarranted detention.  *Zadvydas*, 533 U.S. at 690.  Before the Government may detain an alien under 8 U.S.C. § 1231(a), however, aliens such as Petitioner receive significant procedural protections in the form of removal proceedings and an appeal to the Board of Immigration Appeals. As outlined above, aliens are also free to challenge any resulting detention under the framework announced in *Zadvydas*.  In light of these procedural protections, there is little risk that an alien will be erroneously detained in the absence of a final order or a reasonable basis to conclude that detention is unlikely to result in removal in the reasonably foreseeable future.  Likewise, imposing further procedural protections would clearly incur additional administrative costs to the Government and thus would not be in the Government's interest.

Thus, weighing the three *Eldridge* factors, this Court concludes that an alien's removal proceedings and the post-deprivation process outlined in *Zadvydas* adequately protect an alien's liberty interests in relation to her detention pursuant to a final order of removal under 8 U.S.C. § 1231(a), and no further process beyond those protections is due in the absence of extreme circumstances not present in this case.  This is especially true in light of the Supreme Court's repeated admonition that lesser courts should not impose procedural requirements beyond those

5

outlined in *Zadvydas* in relation to § 1231(a).  *See Johnson*, 596 U.S. at 582 (rejecting a requirement that aliens detained beyond the presumptive reasonable period outlined in *Zadvydas* receive a bond hearing imposed by a court of appeals).  Petitioner is therefore not entitled to further procedural protections beyond those discussed above.  As her removal is clearly likely in the reasonably foreseeable future in light of the issuance of a travel document for Petitioner, her habeas petition fails to provide a valid basis for relief, and must be denied.

IV.    **CONCLUSION**

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED.**  An order consistent with this Opinion will be entered.

Date: April 1, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

6